UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                          :
                                                               :
                                                               :         Chapter 11
    VILLA LUISA, L.L.C                          :
                                                               :
                      Debtor.                 :         Case No. 04-10639(PCB)
                                                               :
------------------------------------------------------------------x

APPEARANCES:

WOLMAN, BABITT & KING, L.L.P.
Attorneys for the Stuart C. Fisher
521 Fifth Avenue. 38th Floor
New York, New York 10175
By:  Mathew B. King, Esq.

THE LAW OFFICES OF GUS MICHAEL FARINELLA
Attorneys for the Debtor
180 West 20th Street, Suite 4M
New York, New York 10011
By:  Gus Michael Farinella, Esq.

BEATTY, PRUDENCE CARTER, U.S.B.J.

MEMORANDUM DECISION DENYING ADMINISTRATIVE EXPENSE CLAIMS

      Stuart C. Fisher ("Fisher"), a creditor of the debtor, requests this Court grant him an administrative expense in the total amount of $101,265.95 pursuant to sections 503(b)(1)(A), (3)(d) and/or (4) of the Bankruptcy Code (the "Code").  Fisher alleges that he advanced $20,500 to the Debtor's professionals as well as $50,000 to secure an extension of time to purchase property on a contract whose "time of the essence clause" was about to expire.  He further seeks $30,765.95 that he states he paid to his counsel, Wolman, Babitt & King, L.L.P. ("WBK") of which $5,000 was a retainer.  Lastly, Fisher seeks the costs and expenses incurred in preparing this motion.  For the

1

reasons that follow, Fisher's motion is denied.

**Background**

Villa Luisa, LLC (the "Debtor"), which filed for relief under chapter 11 of the Code on February 1, 2004, was a limited liability company that was the pre-petition contract vendee for the purchase of three adjacent properties located in Miami, Florida (the "Property"). On the filing date, the Debtor was owned equally by two other limited liability companies, one of which was Equity, L.L.C., whose sole shareholder was Warren Sabloff ("Sabloff"). The other was either G, B, L & D, L.L.C ("GBLD") or Fisher L.L.P.[1]

At the time of the filing, the real estate purchase contract contained a "time of the essence clause." In order to avoid losing the opportunity to purchase the Property, the Debtor bought an extension of time for $200,000 (the "Extension"), $50,000 of which Fisher alleges he advanced to the Debtor (the "Extension Payment"). Fisher further alleges that he funded a portion of the Debtor's post-petition expenses by contributing $12,500 to a bank account that the Debtor used to pay fees to a certain Mr. Ringle as well as paying $8,000 of the Debtor's attorney fees. In addition, Fisher alleges that WBK, at the request of Fisher and Sabloff, performed legal services for the Debtor in connection with securing the Extension. Fisher states that securing the Extension ultimately allowed the transaction to be consummated and the Debtor's plan of reorganization to be confirmed in September 2004 (the "Plan"). Finally, Fisher alleges that he paid $30,765.95 to WBK, of which $5000 was a retainer.

Fisher seeks reimbursement for all of the monies he claims to have advanced on the grounds that the payments were induced by the Debtor and that the services performed were an actual, necessary and beneficial substantial contribution to the Debtor's estate.

---

[1] Fisher states that Fisher, L.L.C. is the 50% owner of the Debtor. The Debtor states that GBLD is the other owner.

In response the Debtor states that Fisher paid the monies in order to protect his personal interest as a creditor and thus, he has failed to meet the standard for a finding of substantial contribution under the Code. The Debtor also argues that the WBK's efforts were duplicative of the efforts of the Debtor's own counsel and did not benefit the Debtor's estate.

### Discussion

Code § 503(b)(1)(A) allows, as an administrative expense, "the actual, necessary costs and expenses of preserving the estate * * *." The purpose of this provision is to provide an incentive to creditors and others to do business with an insolvent entity. 4 Lawrence P. King, *et al., Collier on Bankruptcy* ¶ 503.06[2] (15th rev. ed.2001 supp. 2005). Administrative priorities are "narrowly construed to foster the paramount bankruptcy principle of equality of distribution." *Quoting In re Keene Corp.,* 208 B.R. 112, 115 (Bankr. S.D.N.Y. 1997); *see also Trustees of Amalgamates Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 100 (2d Cir 1986).

Code § 503(b)(3)(D) provides for the allowance of an administrative expense for "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) * * * incurred by * * * a creditor * * * in making a substantial contribution in a case under chapter * * *11 of this title* * *." Code § 503 (b)(4) provides for "reasonable compensation for professional services rendered by an attorney * * * of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent and the value of such services * * * and reimbursement for actual, necessary expenses incurred by such attorney * * *."

"Substantial contribution" is not defined by the Code. Courts therefore, have looked at whether there has been a contribution that is considerable in amount, value and worth, which

---

Although the true owner remains uncertain, it is irrelevant to the matter at issue.

directly, demonstrably and materially contribute to the debtor's reorganization. *See In re Alert Holdings, Inc.*, 157 B.R. 753, 757 (Bankr. S.D.N.Y. 1993); *In re U.S. Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989), *aff'd*, No. 90 Civ. 3823, 1991 WL 67464 (April 22, 1991); *In re Milo Butterfinger's Inc.*, 218 B.R. 856 (Bankr. N.D. Tex 1997); *Lebron v. Mechem Fin., Inc.*, 27 F.3d 937 (3d Cir. 1994); *In re Oxford Homes, Inc.*, 204 B.R. 264 (Bankr. D. Me. 1997). Claims for substantial contribution are therefore narrowly construed and are subject to strict scrutiny. *In re U.S. Lines, Inc.*, 103 B.R. at 429.

The burden of proving substantial contribution rests on the petitioning creditor and it is exceedingly difficult since the general presumption is that the creditor is acting in its own interest. *Id.* Such an award is given only for "extraordinary creditor actions on those rare occasions when the creditor's involvement truly fosters enhances the administration of the estate." *See In re United Merchants*, No 99-5011, 1999 U.S. App. Lexis 24381(2d Cir. Sept. 22, 1999).

Fisher's application fails to meet the standard for such an extraordinary award. His contributions were self-serving in nature and never approved by this Court. Moreover, the Plan as presented to, and confirmed by, this Court did not provide that that the funds at issue be returned to Fisher as a substantial contribution to this estate or otherwise. The court finds this transaction to be an out of court agreement between Fisher and his partners. Such an agreement was made outside the authority of the Bankruptcy Court. Fisher's claim for substantial contribution is denied.

As for the reimbursement of the fees of WBK, the Court finds that Fisher is seeking to circumvent the attorney retention provisions under the Code. Generally, attorneys who represent fiduciaries must be retained by court order before they seek compensation. *See Code* § 327. Attorneys retained by the court may be awarded compensation under Code § 330 and such award is entitled to administrative expense priority under Code § 503(b). *See In re Keene Corp.,* 208 B.R.

112, 115 ( Bankr. S.D.N.Y. 1997).   WBK, however, was never formally retained and nor was there ever a retention application before the Court.  Further, the Plan does not contemplate such reimbursement.  Fisher's motion for an administrative expense for these payments is denied.

For the reasons set forth above, Fisher's application for reimbursement of monies as either a substantial contribution to the Debtor's estate or as an administrative expense is DENIED.

So Ordered.


Dated: New York, New York
October 12, 2006

                                              **/s/ Prudence Carter Beatty**
                                              United States Bankruptcy Judge